# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                    )
                                      )
v.                                    )
                                      )    Cr. I.D. 1210013321
OTIS PHILLIPS,                        )
                                      )
        Defendant.                    )

## ORDER

On this 20th day of November, 2019, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, Defendant's Appeal from the Commissioner's Findings of Fact and Recommendations, and the record in this case, it appears that:[1]

1. On November 21, 2014, a jury found Defendant, Otis Phillips, guilty of Murder in the First Degree, Murder in the Second Degree (as a lesser-included offense of Murder in the First Degree), Manslaughter (as a lesser-included offense of Murder in the First Degree), Gang Participation, Conspiracy in the First Degree, five counts of Possession of a Firearm During the Commission of a Felony, Assault Third Degree (as a lesser-included offense of Assault in the First Degree), Assault Second Degree, and Reckless Endangering. The jury acquitted Defendant of one count of Possession of a Firearm During the

---

[1] The facts of this case have been sufficiently summarized in the Supreme Court's appellate decision and therefore need not be reiterated in totality here.

1

Commission of a Felony, and Conspiracy Second Degree. Defendant was sentenced to death, life imprisonment, and an additional 130 years in prison.

2. Defendant filed a direct appeal to the Delaware Supreme Court where the Supreme Court affirmed the judgment but vacated Defendant's death sentence.[2]

3. Defendant filed a *pro se* Motion for Postconviction Relief on March 6, 2017. Counsel was appointed for Defendant on December 13, 2017. Appointed counsel filed an Amended Motion for Postconviction Relief on April 15, 2019.

4. The Court referred this Motion to Superior Court Commissioner Katharine L. Mayer pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of facts and conclusions of law.

5. The Commissioner filed a Report and Recommendation that Defendant's Motion for Postconviction Relief should be DENIED. The instant appeal is based on the Commissioner's October 1, 2019 Order.

6. Defendant appeals the Commissioner's Order, claiming: 1) it was improper for Trial Counsel to file an unsolicited affidavit with this Court and for the Court not to allow Defendant an opportunity to respond to Trial Counsel's claims; 2) his claim of ineffective assistance of counsel should not be barred

---

[2] *Phillips v. State*, 154 A.3d 1130 (Del. 2017).

as previously adjudicated under Rule 61(i)(4); and 3) Trial Counsel rendered ineffective assistance by failing to move for a mistrial, a decision which was unreasonable and which caused Defendant to suffer prejudice.

7. Trial Counsel did not file an unsolicited affidavit with the Court. In the first briefing schedule issued for Defendant's postconviction relief motion, the Court mandated that "Trial Counsel shall submit an affidavit responding to any allegations in the amended motion." Trial Counsel's affidavit was also accounted for in the amended briefing schedules issued by this Court on March 1, 2018 and July 20, 2018.

8. Trial Counsel filed their affidavit on August 26, 2019. Defendant filed his Reply in Support of his Amended Motion for Postconviction Relief on August 29, 2019. On November 14, 2019, this Court gave Defendant an opportunity to supplement his response to Trial Counsel's affidavit. On November 18, 2019, counsel for Defendant stated that he "[did not] have anything to add." Defendant has responded to Trial Counsel's affidavit.

9. The Commissioner found Defendant's ineffective assistance of counsel claim "barred by Superior Court Criminal Rule 61(i)(4) as formerly adjudicated." However, the Commissioner engaged in a thorough analysis of such claims and concluded that Defendant "failed to satisfy the dual test for relief" as laid out by the U.S. Supreme Court in *Strickland v. Washington*.

3

10. After a careful reading of Defendant's Motion and the Commissioner's Recommendation, this Court concludes that Defendant's motion should be DENIED based on the Commissioner's analysis of Defendant's ineffective assistance of counsel claim.

**IT IS ORDERED** that the Commissioner's Report, including its Recommendation, is adopted by the Court. Defendant's Motion for Postconviction Relief is **DENIED.**

_____
**The Honorable Calvin L. Scott, Jr.**

cc:    Prothonotary
        Commissioner Katharine L. Mayer
        Andrew J. Vella, Esquire
        Benjamin S. Gifford IV, Esquire

4